IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING

| | |
|---|---|
| Rising Phoenix Royalty Fund III, LP, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Contango Resources, LLC, and Contango Resources, Inc.,<br><br>Defendant. | Case No. _____ |

## ORIGINAL CLASS ACTION COMPLAINT

Plaintiff Rising Phoenix Royalty Fund III, LLC ("Plaintiff"), for itself and all others similarly situated, files this Complaint against Contango Resources, LLC and Contango Resources, Inc. (collectively "Contango" or "Defendant"). Plaintiff alleges and asserts the following against Defendant:

### SUMMARY

1. This class action concerns Contango's ongoing violation of Wyoming law related to the interest owed on untimely payments of oil-and-gas proceeds and Contango's failure to comply with the check stub reporting requirements under Wyoming law.

2. Wyoming statute requires operators like Contango to pay proceeds derived from oil-and-gas production not later than six months after the first day of the month following the date of first sale and thereafter not later than sixty days after the end of the calendar month within which the oil-and-gas production is sold. *See* WYO. STAT. § 30-5-301.

3. "In instances where payment cannot be made for any reason" within these timelines, operators like Contango must "deposit all proceeds credited to the eventual interest owner to an escrow account in a federally insured bank or savings and loan institution in Wyoming." *Id.* § 30-5-302. When operators like Contango fail to timely place proceeds in escrow, that failure makes "them liable for interest pursuant to the statute," regardless of the reason why the proceeds were escrowed. *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991).

4. When an operator fails to timely pay or escrow within those statutory timelines, Wyoming law requires that the operator pay owners interest at the rate of eighteen percent (18%) per annum.

5. Contango does not automatically pay the interest it owes on untimely payments of proceeds.

6. Wyoming statute also requires Contango to provide a form of "check stub" that provides "on a regular monthly basis" certain information, including, *inter alia*, "[t]he owner's share of the total value of sales prior to any deductions," "the owner's share of the sales value less deductions," and "[a]n itemized list of any [] deductions or adjustments" to the sales value. WYO. STAT. § 30-5-305(b).

7. In the event Contango fails to provide the statutorily required information on the check stub, Contango is "liable to the affected royalty, overriding royalty or other nonworking interest owner in the amount of one hundred ($100.00) per month that complete reporting is not provided to the interest owner." WYO. STAT. § 30-5-303(c).

8. Upon information and belief, Contango has failed to provide all of the information required by Wyoming law.

9. Plaintiff brings this class action to recover damages for itself and all similarly situated owners who received untimely payments from Contango, or whose proceeds were sent to escrow by Contango, and whose payments or escrowed proceeds did not include the 18% interest required by Wyoming law.

10. Plaintiff also brings this class action to recover the $100.00 liability imposed by Wyoming law for failing to provide the information required on Contango's monthly check stubs.

## PARTIES

11. Plaintiff Rising Phoenix Royalty Fund III, LLC, is a Texas limited liability company with its principal place of business in Dallas, Texas.

12. Contango Resources, Inc is a Delaware corporation with its principal place of business located in Houston, Texas.

13. Contango Resources, LLC is a Delaware Limited Liability Corporation with its principal place of business located in Fort Worth, Texas.

14. Contango owns and operates thousands of oil and gas wells in the State of Wyoming.

15. Contango may be served with process by serving its registered agent: Corporate Creations Network Inc., 5830 E. 2nd Street, Casper, Wyoming 82609.

## JURISDICTION AND VENUE

16. The preceding allegations are fully incorporated by reference.

17. This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because members of the class and Contango are citizens of different states.

3

18. This Court has personal jurisdiction over Contango because it has minimum contacts with this district related to the claims in this case.

19. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the of the events giving rise to the class claims occurred in this district.

## STATUTORY BACKGROUND
## THE WYOMING ROYALTY PAYMENT ACT

20. The preceding allegations are fully incorporated by reference.

21. Wyoming has a significant oil-and-gas industry and is consistently a top-ten producing state.

22. Like other top-producing states, Wyoming has enacted legislation concerning when oil-and-gas proceeds must be paid and outlining the consequences when those statutory timeframes aren't satisfied.

23. These legislative schemes were enacted in reaction to the abusive practices of oil-and-gas operators like Contango who "routinely suspended royalties and delayed payment for many months and even years to take advantage of the interest earned during the float between the receipt of sales proceeds and disbursement of royalties." Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 3 OKLA. CITY. U.L. REV. 1, 18 (2006).

24. Wyoming addressed this issue through the Wyoming Royalty Payment Act ("WRPA"), which imposes strict timeframes for the payment of oil-and-gas proceeds:

> The **proceeds** derived from the sale of production from any well producing oil, gas or related hydrocarbons in the state of Wyoming **shall be paid** to all persons legally entitled thereto, except as hereinafter provided, commencing **not later than six (6) months after the first day of the month following the date of first sale** and **thereafter not later than sixty (60) days after**

4

> **the end of the calendar month within which subsequent production is sold** . . . .

WYO. STAT. § 30-5-301(a) (emphasis added).

25. "In instances where payment cannot be made for any reason," payors must send those proceeds to an escrow account. WYO. STAT. § 30-5-302. The same timelines in Section 30-5-301(a) apply to the escrow requirement of Section 30-5-302, and when payors fail to timely escrow proceeds, that failure makes "them liable for interest pursuant to the statute." *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991).

26. When an operator fails to meet the statutory timeframes, the WRPA guides:

> **Any** lessee or **operator**, purchaser or other party **legally responsible for payment who violates the provisions of this article is liable** to the person or persons legally entitled to proceeds from production **for the unpaid amount of such proceeds, plus interest at the rate of eighteen percent (18%) per annum** on the unpaid principal balance from the due date specified in W.S. 30-5-301(a).

*Id.* § 30-5-303(a) (emphasis added).

27. Stated differently, when an operator like Contango fails to pay proceeds or fails to escrow within six months after the first day of the month following the date of first sales, the operator owes 18% interest per annum on the late payment. And, for production subsequent to first sales, operators must pay 18% interest per annum on direct or escrow payments of proceeds made sixty days after the date of production.

28. The WRPA contains no notice or demand requirement before an owner is entitled to statutory interest.

29. In fact, the WRPA "is perhaps the strongest of the 'no excuses' Acts" passed by other top-producing states. Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 3 OKLA. CITY. U.L. REV. 1, 20 (2006).

5

30. As the Wyoming Supreme Court has explained, the WRPA "is a remedial statute . . . to be liberally construed." *Moncrief*, 816 P.2d at 105. In enacting the WRPA, the Wyoming legislature evinced its "obvious intent to stop oil producers from retaining other people's money for their own use." *Id.* (quoting *Indep. Producers Mktg. Corp. v. Cobb*, 721 P.2d 1106, 1110 (Wyo. 1986)). When it comes to liability under the WRPA, "Equity is not a factor for consideration because **there are no exceptions** in the [WRPA] providing justification for royalty nonpayment." *Cities Serv. Oil and Gas Corp. v. State*, 838 P.2d 146, 156 (Wyo. 1992) (emphasis added).

31. The WRPA also includes disclosure requirements on check stubs sent to certain owners. *See* WYO. STAT. § 30-5-305(b).

32. Upon information and belief, Contango fails to provide the information required by the WRPA on its monthly check stubs and is liable for $100.00 per check stub that failed to comply with the WRPA's information requirements. *See* WYO. STAT. § 30-5-303(c).

## FACTUAL ALLEGATIONS

33. The preceding allegations are fully incorporated by reference.

34. Plaintiff owns an overriding royalty interest in oil and gas produced from the Florence 9-3 well, which is located in Fremont County, Wyoming.

35. Contango operates the Florence 9-3 well and remits royalty proceeds to Plaintiff.

36. Plaintiff's owner number with Contango is 15336.

37. Upon information and belief, Defendant only pays statutory interest to owners who demand it, even though the WRPA contains no demand requirement.

38. For example, Contango paid Plaintiff proceeds on March 26, 2022 for production attributable to December 2021.

39. Plaintiff did not receive payment from Contango for December 2021 production within sixty days.

40. When Contango paid Plaintiff for December 2021 production, it did not pay Plaintiff statutory interest under the WRPA.

41. Upon information and belief, Contango' check stubs to Plaintiff, specifically including the December 23, 2022 check stub, failed to provide the information required by the WRPA, including "[t]he owner's share of the total value of sales prior to any deductions," "the net value of total sales after deductions," "the owner's share of the sales value less deductions," and "[a]n itemized list of any [] deductions or adjustments" to the sales value. WYO. STAT. § 30-5-305(b).

## CLASS ACTION ALLEGATIONS

42. The preceding allegations are fully incorporated by reference.

43. Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes (the "Classes"):

> **Class I**
> All non-excluded persons or entities owning interests in Wyoming oil and gas wells who: (1) received untimely payments from Contango for proceeds of Wyoming oil or gas production beyond the timeframes set forth in WYO. STAT. § 30-5-301; or (2) whose proceeds for Wyoming oil or gas production were sent to escrow by Contango beyond the timeframes set forth in WYO. STAT. § 30-5-301; and (3) whose payments or escrowed proceeds did not include the 18% interest required by WYO. STAT. § 30-5-303(a).
>
> **Class II**

7

> All non-excluded persons or entities who own royalty, overriding royalty, or other nonworking interest owner interest and whose check stubs from Contango for Wyoming oil and gas wells did not report the owner's share of the total value of sales prior to any deductions, the owner's share of the sales value less deductions, the net value of total sales after deductions, or an itemized list of any deductions or adjustments to the sales value.
>
> Excluded from the Classes are: (1) Contango, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Wyoming.

44. Upon information and belief, there are thousands of absent Class members.

45. The Classes are so numerous that joinder of all members is impracticable.

46. The questions of fact and law common to the Classes include:

    **Class I**
    a. Whether Plaintiff and Class I own legal interests in the Wyoming acreages for which Contango has an obligation to pay proceeds derived from the sale of oil-and-gas production;

    b. Whether, under Wyoming law, Contango owed interest to Plaintiff and Class I on any untimely payments or escrow of proceeds derived from the sale of oil-and-gas production;

    c. Whether Contango' failure to pay interest to Plaintiff and Class I on any untimely payments constitutes a violation of Wyoming statute; and

    d. Whether Contango is obligated to pay interest on future untimely payments.

    **Class II**
    e. Whether Plaintiff and Class II received check stubs that do not report deductions taken from the sales value.

47. Plaintiff's claims are typical of the Classes because each Class member's claims are identical.

8

48.  Contango treated Plaintiff and the Classes in the same way by failing to pay the required interest on untimely payments and by failing to provide the information required by WYO. STAT. § 30-5-305(b).

49.  Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

50.  The factual allegations and questions of law in this Complaint are common to the members of the Classes and predominate over any questions affecting only individual members.

51.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so numerous across the Classes that there is no reason why individual members of the Classes would want to control the prosecution of their own claims at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member with the same scope of Class membership sought in this Complaint against Defendant relating to its failure to pay interest owed on the untimely payment or escrow of proceeds derived from the sale of oil-and-gas production as required by Wyoming law, and relating to the check stub requirements of WYO. STAT. § 30-5-305(b);

   c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Contango, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Contango.

9

## CAUSES OF ACTION

### Breach of Statutory Obligation to Pay Interest

52. The preceding allegations are incorporated by reference.

53. Plaintiff brings this cause of action on behalf of itself and Class I.

54. Plaintiff and Class I were legally entitled to the payments of proceeds derived from the sale of oil-and-gas production from Contango for production from wells for which Contango is the operator in Wyoming.

55. WYO. STAT. § 30-5-301(a) requires Contango to pay owners within six (6) months after the first day of the month following the date of first sales of oil or gas, and thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold. And if Contango is unable to make those payment timelines for any reason, Contango must timely escrow those proceeds.

56. When Contango fails to pay owners or escrow within such time frames, WYO. STAT. § 30-5-303(a) requires Contango to pay owners 18% interest per annum when the payment or escrow is eventually made.

57. Contango held proceeds belonging to Plaintiff and Class I, and Contango failed to timely pay or escrow proceeds for Plaintiff and Class I.

58. When Contango eventually paid or escrowed these proceeds, it did not pay the 18% interest per annum required by Wyoming statute.

59. Contango's failure to pay interest owed on the untimely payments has harmed Plaintiff and Class I.

### Breach of Statutory Obligation to Provide Check Stub Information

60. The preceding allegations are incorporated by reference.

61. Plaintiff brings this cause of action on behalf of itself and Class II.

62. Plaintiff and Class II were legally entitled to receive check stubs that provide information relating to deductions and pricing, as required by WYO. STAT. § 30-5-305(b).

63. Upon information and belief, Contango failed to provide that required information to Plaintiff and Class II.

64. Under WYO. STAT. § 30-5-303(c), Contango is liable to Plaintiff and Class II in the amount of $100.00 for each noncompliant check stub.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An Order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Contango to pay Plaintiff and the Classes' members damages for Contango's breaches and unlawful conduct to the full extent permitted by law;

3. An order requiring Contango to pay interest in the future, as required by law, to Plaintiff and Class I;

4. An order requiring Contango to provide the deduction information required by WYO. STAT. § 30-5-305(b) to Plaintiff and Class II;

5. An order requiring Contango to pay the Classes' attorney fees and litigation costs as provided by statute; and

6. Such costs and other relief as this Court deems appropriate.

Dated this 18th day of December, 2023.

Respectfully submitted,

By: _____
S. Gregory Thomas, WSB No. 5-2653
THOMAS & THOMAS, LLC
316 S. Gillette Ave., Suite 200
Gillette, WY 82716
(307) 257-5298
greg@tntlaw.org
Attorneys for Plaintiff

12